# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| MICHEAL ANTHONY BARNETTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV407-020 |
| | ) |
| CPL. G. ERNST, CPL. W. GILL, | ) |
| GREGORY CRAWFORD, JUDGE | ) |
| PERRY BRANNEN, and LORI | ) |
| LONCON, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On February 14, 2007 the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act,

Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

According to his complaint, plaintiff was arrested on October 6, 1998 after a traffic stop and charged with numerous offenses, including possession of controlled substances with intent to distribute. Doc. 1. Plaintiff claims that his Fourth Amendment rights were violated due to some unspecified actions by the arresting officers,[1] who allegedly engaged

---

[1] Plaintiff references "search and seizure" and "Terry stop" and, therefore, may be asserting that the officers acted unreasonably in stopping and searching his vehicle. Doc. 1 at 11, ¶ 1. Plaintiff's recitation of the facts, however, would appear to refute any Fourth Amendment claim. See id. at 8-9, ¶¶ 4,5 (noting that the officers stopped plaintiff's truck after "they noticed that the stereo was playing very loudly" and then

in a "conspiracy" to deprive him of his "life, liberty and property." Id. Plaintiff also claims that his attorney, Gregory Crawford, threatened him with thirty years' imprisonment in order to coerce plaintiff into signing a plea agreement and failed to "obtain a written or verbal ruling on any of the motions" he filed. Id. Plaintiff alleges that he should have been present at an evidentiary hearing and that "all of the officers and officers of the court . . . knew that his rights were violated," and "conspired against him [t]o deprive him of his rights under the 14th Amendment." Id.

First, even if plaintiff's suit were potentially meritorious it is premature. Under the principles announced in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), a § 1983 action that calls into question the validity of a criminal conviction or prosecution simply does not accrue until the conviction has first been overturned on direct appeal or through a habeas action or other collateral proceeding. Any claim by plaintiff that his conviction was secured through an unlawful search and seizure of his vehicle or that this defense attorney rendered ineffective assistance of counsel would serve to impugn the validity of plaintiff's state conviction and

---

obtained plaintiff's consent to a search of his vehicle).

sentence. Plaintiff has not alleged or demonstrated that his state conviction has been overturned; indeed, he is still serving the sentence imposed by the state court. Plaintiff's action is, therefore, premature.

To the extent that <u>Heck</u> does not foreclose plaintiff's claims against the officers, his attorney, or the other named defendants, it is clear from the face of his complaint that plaintiff's action is time barred. According to the complaint, plaintiff signed a plea agreement on March 23, 2000 for his October 6, 1998 arrest. Doc. 1. He did not file his complaint, however, until February 8, 2007. <u>Id.</u> It is well settled that a § 1983 action arising in Georgia is barred if not commenced within two years after the cause of action accrues. <u>Mullinax v. McElhenny</u>, 817 F.2d 711, 716 (11th Cir. 1987); <u>Williams v. City of Atlanta</u>, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries.").[2] In this circuit a § 1983 claim accrues when the "'facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" <u>Rozar v. Mullis</u>, 85 F.3d 556, 561-62 (11th

---

[2] O.C.G.A. § 9-3-33 provides, in relevant part, that "[a]ctions for injuries to the person shall be brought within two years after the right to the action accrues . . . ."

4

Cir. 1996) (quoting Mullinax, 817 F.2d at 716). Thus, if Heck does not apply, then plaintiff's cause of action accrued no later than March 23, 2000, and he should have filed his § 1983 claim on or before March 23, 2002.

Even if Heck poses no bar to this action, and even if plaintiff had filed his complaint within the two-year statute of limitations, many of the defendants he has named would be subject to dismissal. Plaintiff has named his defense attorney, Gregory Crawford, as a defendant, alleging that he coerced plaintiff into signing a plea agreement and that he failed to obtain a ruling on any of the motions he filed with the court. Doc. 1. It is well settled, however, that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability. Polk County v. Dodson, 454 U.S. 312, 318 n. 7, 325 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); Pearson v. Myles, 2006 WL 1818716, at *1 (11th Cir. July 5, 2006) (court-appointed defense counsel did not act under color of state law and thus was not subject to liability under § 1983); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal

defendant is not acting under color of state law.").

Plaintiff has also named Judge Perry Brannen and District Attorney Lori Loncon, both of who are immune from suit under § 1983. See Bradley v. Fisher, 80 U.S. 335 (1871) (establishing judicial immunity doctrine); see also Neville v. Classic Gardens, 141 F. Supp. 2d 1377, 1382 (S.D. Ga. 2001) (prosecutors sued in official capacity enjoy Eleventh Amendment immunity); Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (prosecutor sued in individual capacity absolutely immune when performing duties within the scope of prosecutorial function). Therefore, even if plaintiff's suit were not premature under Heck and even if plaintiff had filed his complaint within the statute of limitations, he could not hope to prevail against the above-mentioned defendants in a § 1983 action.

Based on the foregoing, plaintiff's complaint should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 28th day of March, **2007.**

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA